UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                                            :
ANATOLY FINKLER,                                            :
                                                            :
                              Plaintiff,                    :   Civil Action No. 12-CV-5813
         -against-                                          :   (Forrest, J.)
                                                            :
                                                            :   **ANSWER**
                                                            :
JAFFE & ASHER LLP,                                          :
                              Defendant.                    :
                                                            :
                                                            :
------------------------------------------------------------------- x

Defendant pro se, Jaffe & Asher LLP, responds to Plaintiff's complaint as follows:

**I.     Introduction**

1. Admit the truth of the allegations set forth in paragraph 1 to the extent Paragraph 1 calls for an answer.

**II.    Parties**

2. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2.

3. Admit the truth of the allegations set forth in paragraph 3.

**III.   Venue & Jurisdiction**

4. Deny the truth of the allegations set forth in paragraph 4 as it calls for a legal conclusion, except admit that Defendant's principal office is located at 600 Third Avenue, New York, New York 10016.

5. Deny the truth of the allegations set forth in paragraph 5 as it calls for a legal conclusion.

1

6. Deny the truth of the allegations set forth in paragraph 6 as it calls for a legal conclusion.

## IV. Background

7. Admit the truth of the allegations set forth in paragraph 7.

8. Deny the truth of the allegations set forth in paragraph 8, except admit that Plaintiff was employed by Defendant.

9. Deny the truth of the allegations set forth in paragraph 9.

10. Deny the truth of the allegations set forth in paragraph 10, except admit that Defendant knew Plaintiff's duties and responsibilities.

## V. Causes of Action and Demand for Relief

<u>Count One: Violation of the Fair Labor Standards Act</u>

11. Defendant repeats and restates each preceding answering paragraph as though fully set forth herein.

12. Deny the truth of the allegations set forth in paragraph 12 as it calls for a legal conclusion.

13. Deny the truth of the allegations set forth in paragraph 13 as it calls for a legal conclusion.

14. Deny the truth of the allegations set forth in paragraph 14.

<u>Count 2: Violation of New York Wage & Hour Law</u>

15. Defendant repeats and restates each preceding answering paragraph as though fully set forth herein.

16. Deny the truth of the allegations set forth in paragraph 16 as it calls for a legal conclusion.

17. Deny the truth of the allegations set forth in paragraph 17 as it calls for a legal conclusion.

18. Deny the truth of the allegations set forth in paragraph 18.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19. Plaintiff fails to state claims upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. Plaintiff did not work more than 40 hours in any workweek.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22. Plaintiff was not an employee under the New York Minimum Wage Act.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23. Plaintiff was exempt from the minimum wage and overtime requirements of the Fair Labor Standards Act.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24. Plaintiff was exempt from the minimum wage and overtime requirements of the New York Minimum Wage Act.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25. Defendant did not willfully violate the Fair Labor Standards Act.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26. Defendant did not willfully violate the New York Wage and Hour Law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

27. At all times, Defendant exercised good faith in compensating plaintiff and had no reasonable grounds to believe that their actions violated any laws or regulations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

28. Plaintiff was compensated properly at all times.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred, in whole or in part, by the statute of limitations and/or exhaustion of remedies requirement and/or failure to follow conditions precedent to this action.

**WHEREFORE**, defendant Jaffe & Asher LLP respectfully requests that the Court dismiss the complaint, with prejudice, denying all relief therein, and award defendant costs and disbursements, including reasonable counsel fees, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 7, 2012

JAFFE & ASHER LLP
Defendant Pro Se

By: s/Jeffrey Zimmerman      .
Jeffrey Zimmerman (JZ7057)
600 Third Avenue, 9th Floor
New York, New York 10016
(212) 687-3000
jzimmerman@jaffeandasher.com