USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: FEB 2 0 2013

# JAFFE & ASHER LLP
### ATTORNEYS AT LAW

ESTABLISHED 1974

PLEASE REPLY TO NEW YORK OFFICE

600 THIRD AVENUE
NEW YORK, NY 10016-1901
(212) 687-3000
(212) 687-9639 (FAX)

DIRECT TELEPHONE: 646-313-2542
EMAIL: JZIMMERMAN@JAFFEANDASHER.COM

NEW JERSEY OFFICE

1107 GOFFLE ROAD
HAWTHORNE, NJ 07507-0508
(973) 423-3998
(973) 423-6074 (FAX)

February 14, 2013



RECEIVED
FEB 15 2013
KATHERINE B. FORREST
U.S. DISTRICT JUDGE
S.D.N.Y.

**BY HAND DELIVERY**
Hon. Katherine B. Forrest, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 730
New York, New York 10007-1312

Re:  **Anatoly Finkler v. Jaffe & Asher LLP; 12 Civ. 5813 (KBF)**

Dear Judge Forrest:

Pursuant to the Court's February 11, 2013 Order, defendant Jaffe & Asher LLP ("J&A") submits this letter with the consent of plaintiff Anatoly Finkler ("Finkler") and on behalf of both parties to respectfully request that the Court to approve the fully executed settlement agreement in the above referenced matter.

A copy of the settlement agreement is enclosed with this letter; however, please note that the terms of the settlement agreement, including the settlement amount disclosed herein, are confidential and for the Court's eyes only.

The parties' respective positions with respect to the settlement agreement are provided below:

**Plaintiff's Position**

Finkler was seeking approximately $20,000 in unpaid overtime.

The settlement in this matter entails payment by the Defendant of ███████████ ███.

Given the time and uncertainties involved in trial, Finkler decided that he preferred the certainty of accepting a lesser figure. In particular, his case relied primarily on his own testimony, and thus would have resulted in a credibility battle between him and J&A's witnesses.

Hon. Katherine B. Forrest
February 14, 2013
Page 2

Under the circumstances, Finkler's decision is reasonable and the settlement is fair. Accordingly, Finkler respectfully requests that the Court approve the settlement.

**Defendant's Position**

1. Finkler claims 400 hours of unpaid overtime during the approximately 8 months that he was employed at J&A. J&A claims that Finkler did not work any overtime hours. J&A was prepared to offer the testimony of 6 witnesses, including both of Finkler's supervisors (neither of whom is currently employed at J&A). All of J&A's witnesses were prepared to discredit Finkler's claims in the complaint, as well as his sworn deposition testimony. Among other things, J&A was prepared to offer evidence that: (a) there was no credible proof that Finkler worked over 40 hours in any given week; (b) Finkler was never asked to work overtime, and was never told to perform the bulk of the work that he contends gave rise to his overtime claim; (c) J&A did not have actual or constructive knowledge of the alleged overtime Finkler alleged; (d) In fact, Finkler did not perform, could not have performed, and/or was specifically instructed not to perform most of the alleged overtime work that he claims to have performed; (e) the overtime work Finkler alleged could not possibly have taken the amount of time that Finkler claimed to have spent; and (f) J&A properly compensates its employees, and has never been sued for overtime by any current or former employee in the entire 38 years of its operations other than Finkler.

2. The entire amount of the settlement sum referenced above is attributable to Finkler's FLSA claim, inclusive of overtime, liquidated damages, and attorneys' fees. In addition, J&A agreed to be responsible for payment of the jury fee.

3. Both parties evaluated their respective risks at trial, and both sides determined that a settlement was in their best interests under the circumstances. On the one hand, considering the testimony and other evidence that J&A was prepared to offer, there was a substantial risk that Finkler would be unable to prove any portion of his FLSA claims by a preponderance of the credible evidence. Moreover, in addition to the weaknesses described in paragraph 1 above, there were other significant issues with respect to Finkler's credibility that would have come to light at trial. On the other hand, J&A recognized that there was a risk that a jury could have found that Finkler worked a small number of overtime hours during the course of his employment. Furthermore, both parties understood that a trial on the merits would have caused them to incur additional time and/or expense to litigate an action whose outcome was ultimately uncertain. Both parties believed that a settlement in a sum certain was fair, reasonable, and eliminated the risks attendant to litigation.

Hon. Katherine B. Forrest
February 14, 2013
Page 3

Accordingly, the parties submit that the settlement is fair, and jointly request that the Court approve the settlement.

Respectfully submitted,

JAFFE & ASHER LLP

By: _____
Jeffrey Zimmerman
*Defendant Pro Se*

Confidential Enclosure

cc:   David Abrams, Esq. (via e-mail without enclosure)
      *Counsel for plaintiff Anatoly Finkler*

Ordered

Approved as fair and reasonable.

2/20/13           K. B. Forrest
                  USDJ